**IN THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **IN RE:** | : | **CHAPTER 13** |
| **JELISA G. KIRVEN,** | : | **BANKRUPTCY NO. 25-12244-AMC** |
| **Debtor.** | : | **Hearing Date: October 28, 2026**<br>**Hearing Time: 11:00 a.m.** |

**MOTION OF LENTEGRITY LLC FOR RELIEF FROM THE AUTOMATIC STAY OF 11 U.S.C. SECTION 362**

Lentegrity LLC ("Lentegrity" or "Creditor"), by and through its undersigned counsel, Obermayer Rebmann Maxwell & Hippel, LLP, hereby requests the entry of an Order for relief from the automatic stay pursuant to 11 U.S.C. § 362(d) (the "Motion"), and in support thereof, states as follows:

## I. PARTIES AND JURISDICTION

1. On or about June 4, 2025 ("Petition Date"), JeLisa G. Kirven (the "Debtor") filed a voluntary joint petition for relief under Chapter 13 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code").

2. Lentegrity is a limited liability company with a principal place of business at 27442 Portola Parkway, Suite 250, Foothill Ranch, CA 92610.

3. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334 and Section § 362 of the Code.

4. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and/or 1409.

5. Lentegrity consents to the entry of a final order or judgment by the court if it is determined that the Court, absent consent of the parties, cannot enter a final order or judgment consistent with Article III of the United States Constitution.

## II. BACKGROUND

6. On or about April 22, 2023, the Debtor executed a Retail Installment Sale Contract Simple Finance Charge (the "Contract") in the principal amount of $35,568.60, plus accrued interest and costs, for the purchase of a used 2019 Toyota Highlander (VIN 5TDBZRFH9KS964337)(the "Vehicle"), paid through 75 monthly payments of $614.85 ("Monthly Payment"). A true and correct copy of the Contract is made a part hereof and is attached hereto as Exhibit "A."

7. The Contract grants Lentegrity, as assignee, with a security interest in the Vehicle. A true and correct copy of the Lien and Title Information is made a part hereof and is attached as Exhibit "B."

8. The Debtor is in default under the Contract due to the failure to make payments due thereunder and has not made a Monthly Payment since December 24, 2025.

9. The Debtor filed her Second Amended Chapter 13 Plan on or about September 8, 2025 (the "Plan") [D.I. 18]. The Plan was confirmed on or about October 1, 2025 [D.I. 21].

10. With respect to Lentegrity, Part 4(a) of the Plan (Secured Claims Receiving No Distributions from the Trustee) provides that Lentegrity "will receive no distribution from the trustee and the parties' rights will be governed by agreement of the parties and applicable nonbankruptcy law."

11. The Debtor is in default in her post-petition Monthly Payments to Lentegrity and has not made a Monthly Payment since December 24, 2025.

## III. RELIEF UNDER SECTION 362(d)(1)

12. Section 362(d)(2) of the Bankruptcy Code provides:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of

> this section, such as by terminating, annulling, modifying, or conditioning such stay –
>
> (1) for cause, including the lack of adequate protection of an interest property of such party in interest.

13. The Debtor has failed to make pre and post-petition payments in accordance with the Contract and the Plan.

14. The Debtor has failed to make a Monthly Payment since December 24, 2025, 2020, more than nine months ago.

15. "Cause" exists to lift the automatic stay where a debtor fails to make regular payments to a creditor. See In re Jones, 284 B.R. 92, 98 (Bankr. E.D. Pa. 2002); In re Watson, 286 B.R. 594 (Bankr. D.N.J. 2002); In re Independent Mgmt. Assocs., Inc., 108 B.R. 456, 464 (Bankr. D.N.J. 1989); In re James, 255 B.R. 837, 838 (Bankr. M.D. Tenn. 1999); In re Rocchio, 125 B.R. 345, 347 (Bankr. D.R.I. 1991).

16. Lentegrity is not adequately protected as defined in Section 361 of the Bankruptcy Code.

17. Pursuant to 11 U.S.C. § 362(c)(2), the automatic stay continues until a discharge is granted or denied, the case is dismissed, or the case is closed.

18. It is respectfully submitted that Lentegrity is entitled to relief from the automatic stay pursuant to Section 362(d) of the Bankruptcy Code for cause, to exercise its rights, remedies, and privileges against the Vehicle.

## IV. WAIVER OF STAY PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 4001(a)(3)

19. Lentegrity respectfully requests that this Court waive the fourteen (14) day stay pursuant to Federal Rule of Bankruptcy Procedure 4001(a)(3) to enable it to immediately

exercise its right to exercise any and all rights it may have under any and all applicable laws with respect to the Vehicle.

WHEREFORE, for the foregoing reasons, Lentegrity respectfully requests that this Court enter an Order vacating the automatic stay of Section 362 of the Bankruptcy Code to permit Lentegrity to proceed to exercise all its statutory and contractual rights, remedies and privileges against the Vehicle, waiving the fourteen (14) day stay pursuant to Federal Rule of Bankruptcy Procedure 4001(a)(3), and providing such other relief as this Court deems necessary and just.

Respectfully submitted,

Dated: October 2, 2026

/s/ D. Alexander Barnes

D. Alexander Barnes, Esquire
OBERMAYER REBMANN MAXWELL & HIPPEL LLP
Centre Square West
1500 Market Street, Suite 3400
Philadelphia, PA 19102
(215) 665-3184 – Phone
(610) 506-8000 – Cell
(215) 665-3165 – Facsimile

Counsel for Lentegrity LLC